UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:22-po-00004-KFW |
| | ) | CVB Violation No. F5297689 |
| KEVIN W. MOORE, | ) | |
| | ) | |
| Defendant | ) | |

ORDER ON MOTION TO DISMISS

Kevin W. Moore was issued a violation notice charging him with a violation of 36 C.F.R. § 261.10(f), which prohibits "[p]lacing a vehicle or other object in such a manner that it is an impediment or hazard to the safety or convenience of any person" while in a national forest. *See* Violation Notice (ECF No. 1). In a statement of probable cause attached to the violation notice, Officer Michael L. Carifio averred that on September 25, 2021, Moore parked his truck on a road in the White Mountain National Forest behind another car and made it difficult for the driver of the other car to back out from where she was parked. *See* Statement of Probable Cause (ECF No. 1-1).

Moore now moves to dismiss the violation notice for lack of probable cause. *See* Motion to Dismiss (ECF No. 8); *United States v. Thomas*, No. 13-3370M-001-PHX-LOA, 2013 WL 5783408, at *1 (D. Ariz. Oct. 28, 2013) ("It is black letter law that a charging document, like a complaint or CVB notice, must set forth sufficient verified facts to support a judicial finding that probable cause exists to believe a crime has been committed and the defendant committed it. If probable cause does not exist,

1

the complaint or CVB notice must be dismissed." (cleaned up)). He argues that because the statement of probable cause indicates that the driver of the other car was able to remove her car from in front of his truck on her first attempt, his truck was not an impediment or a hazard to her safety or convenience. *See* Motion to Dismiss at 2-3. In opposing the motion, the Government points out that the statement of probable cause indicates that the other driver told Moore he was blocking her in and asked him to move, but he refused and she therefore had to make a sharp turn to get around his truck with barely enough room to clear the truck and a large tree. *See* Opposition (ECF No. 9) at 3-6.[1]

Caselaw interpreting Section 261.10(f) is scarce, but the Ninth Circuit has held that it is an unambiguous regulation intended "to prevent the impeding of forest service roads." *United States v. Willner*, No. 97-30061, 1998 WL 63051, at *2 (9th Cir. Feb. 13, 1998). I agree that Section 261.10(f) is unambiguous and will therefore rely on the regulation's plain meaning.

Here, the statement of probable cause attached to the violation notice provides reasonable grounds to believe that Moore violated Section 261.10(f)'s plain meaning by parking in a manner that made it difficult for the other driver to get out from around his truck, thereby slowing her progress and holding her up. *See* Statement of Probable Cause; *Impede*, Webster's Third New International

---

[1] As part of its opposition, the Government submitted a photograph purporting to depict Moore and his truck during the incident. *See* ECF No. 9-1. I did not consider that attachment when evaluating probable cause because it was not included as part of the violation notice. *See Thomas*, 2013 WL 5783408, at *2 ("Regardless whether it is a complaint, violation notice, or application for a search warrant, the facts upon which the magistrate judge bases [her] probable cause determination must appear within the four corners of the charging document or warrant affidavit." (cleaned up)).

2

Dictionary ("Webster's") (impede means "to interfere with or get in the way of the progress of" or "hold up" or "BLOCK" or "detract from"); *Convenience*, Webster's (convenience means, among other things, "a favorable or advantageous condition, state, or circumstance" or "freedom from difficulty, discomfort, or trouble"); *United States v. Roberts*, No. 5:15-cr-00105-EJD-1, 2015 WL 4090598, at *3 (N.D. Cal. July 6, 2015) (relying on the plain meaning of Section 261.10(f) and noting that it "requires only that a vehicle be situated in a manner that inhibits personal safety or convenience"); *United States v. Flores*, 888 F.3d 537, 543 (1st Cir. 2018) (noting that probable cause is a "fluid concept" that "requires only a probability or substantial chance of criminal activity" (cleaned up)).

Accordingly, the motion is **DENIED**.

Dated: December 14, 2022

/s/ Karen Frink Wolf  
United States Magistrate Judge